# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: AIR CRASH NEAR LAKE WALES, FLORIDA, ON JUNE 7, 2012**                         MDL No. 2648

## ORDER DENYING TRANSFER

**Before the Panel:** Common plaintiff Mark Edwards in the two actions listed on the attached Schedule A moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Colorado. One of the actions is pending in that district, and the other is pending in the District of Delaware.

Defendants in the Colorado action[1] and Leach International Corporation, which is one of two defendants in the Delaware action, do not oppose plaintiff's motion, but contend that centralization is unnecessary.  DRI Relays, Inc., which is the other defendant in the Delaware action, opposes the motion.

The two actions in this litigation are ones for wrongful death.  They both arise out of the June 7, 2012, crash of a private plane in Florida, in which the pilot and all five passengers perished. Plaintiff is the executor of the decedents' estates.  Defendants are companies that designed and manufactured the plane, companies that designed and manufactured various components used in the plane, and companies that serviced the plane.  Plaintiff commenced the two actions as a single action in the Middle District of Florida.  After certain defendants contested personal jurisdiction in Florida, the court severed plaintiff's claims and transferred them to the Colorado and Delaware courts, thus splitting the action in two.

On the basis of the papers filed and the hearing session held, we deny plaintiff's motion. Certainly, these actions share factual issues regarding the cause or causes of the June 2012 crash. But there are only two actions, with no indication of more to come.  We have denied centralization of air crash litigations in similar circumstances,[2] and see no reason to reach a different result here.[3]

---

[1]     Honeywell International Inc., Pilatus Aircraft, Ltd., Pilatus Business Aircraft, Ltd., Epps Air Service, Inc., Glenair, Inc., and Rosemount Aerospace, Inc.

[2]     *See, e.g., In re: Air Crash Near Islamabad, Pakistan, on July 28, 2010*, 777 F. Supp. 2d 1352 (J.P.M.L. 2011) (denying unopposed motion for centralization of two actions).

[3]     Moving plaintiff argues that centralization is necessary to counteract the impact of *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), in which the Court held that a German corporation
(continued...)

-2-

Defendants assert that they are willing to cooperate to minimize or eliminate duplicative pretrial proceedings.  In our judgment, such cooperation, as well as any needed coordination by the two involved courts, is not only feasible but also preferable to formal centralization under Section 1407.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

_____
Sarah S. Vance
Chair

Marjorie O. Rendell            Charles R. Breyer
Lewis A. Kaplan                Ellen Segal Huvelle
R. David Proctor               Catherine D. Perry

---

[3](...continued)
was not subject to general personal jurisdiction in California for claims arising from alleged injuries lacking any California connection.  This argument is not convincing, as difficulty in establishing personal jurisdiction over a given defendant or defendants generally is not a factor that we consider in our Section 1407 analysis.  *See In re: Highway Accident Near Rockville, Conn., on Dec. 30, 1972*, 388 F. Supp. 574, 576 (J.P.M.L. 1975).

**IN RE: AIR CRASH NEAR LAKE WALES, FLORIDA,**
**ON JUNE 7, 2012**                                                 MDL No. 2648

## SCHEDULE A

<u>District of Colorado</u>

EDWARDS v. PILATUS AIRCRAFT, LTD., ET AL., C.A. No. 1:15-00567

<u>District of Delaware</u>

EDWARDS v. PILATUS AIRCRAFT, LTD., ET AL., C.A. No. 1:15-00321